UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUPREE LAMONT ADKINS,

Plaintiff,

v.

GINA JONES, et al.,

Defendant.

No. 2:24-cv-03794-EFB (PC)

ORDER

Plaintiff is incarcerated in a state prison and brings this action, without counsel, under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.

I.      **Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II.     **Legal Standards**

        **A.  Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**B.  Standard for Relief Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  There is no vicarious liability under section 1983.  *Iqbal*, 556 U.S. at 676. (citing, inter alia, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)).  Hence, a government official may not be held liable under section 1983 unless that official's own actions caused the alleged constitutional deprivation.  *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 676).  The plaintiff bears the burden to establish both causation-in-fact and proximate (i.e., legal) causation.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  An individual "causes" a constitutional deprivation when he (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury."  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).  Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

**III.    Screening Order**

**A.  Allegations of the Complaint**

Plaintiff alleges two causes of action.  In his first cause of action, he alleges that his First Amendment rights were violated by the defendants' interference with his ability to send mail.  Per plaintiff, these individual acts comprise a pattern of interference with plaintiff's rights and that he was targeted personally due to his history of raising grievances against prison staff.  ECF No. 1 at 3G-3H.  Plaintiff alleges that under prison regulations he was eligible to send mail at no cost due to his indigent status, and that defendants' actions prevented him from corresponding with his

3

attorney about his criminal case and with the Attorney General's Office and Office of the District Attorney. *Id.* at 3E-3H. Plaintiff raises both claims against all defendants and alleges that the claims arise from the same transaction and occurrence, or series of transactions and occurrences, because each instance of improper action identified in the complaint is part of a pattern and policy of interfering with plaintiff's ability to send mail. ECF No. 1 at 3G-3H.

Specifically, plaintiff alleges that on November 30, 2022; February 23, 2023; May 29, 2023; and June 6, 2023, defendants D. Potts and C. Davis worked in the mailroom at the California Health Care Facility, where plaintiff was housed, and wrongly informed him not to attach a Trust Withdrawal Form to his outgoing mail, thereby preventing his mail from being sent. ECF No. 1 ¶¶ 1-6. Plaintiff appears to allege that defendant Davis both personally caused plaintiff to be unable to send mail, and also is liable as defendant Potts' supervisor, for permitting Potts' unlawful conduct and failing to take corrective action for same. *Id.* ¶¶ 1-7. Plaintiff alleges that defendant Gina Jones is liable for, on May 16, 2023, finding Potts and Davis not culpable of misconduct relating to some of these incidents. *Id.* ¶¶ 1-3.

Plaintiff also alleges that, "[i]n an ongoing campaign of harassment," defendant Montaño unlawfully confiscated his outgoing legal mail, on July 11, 2023. ECF No. 1 ¶ 8.

Also relative to his first cause of action, plaintiff alleges that defendant J. Schultz unlawfully prevented him from sending mail on December 20, 2022; April 15, 2022; July 17, 2023; and April 30, 2023. ECF No. 1 ¶¶ 10-12.

Plaintiff alleges that defendant J. Guajardo was responsible for investigating plaintiff's complaints about some of these incidents, including that involving defendant Montaño, and wrongly failed to consider plaintiff's corroborating evidence and, consequently, failed to act on plaintiff's allegations of staff misconduct. ECF No. 1 ¶¶ 13-16. Plaintiff alleges that defendant J. Moeckly, on July 25, 2024, failed to preserve evidence relative to this investigation. ECF No. 1 at 3E.

Plaintiff also alleges that, on July 8, 2023 and October 18, 2023, defendant Howard Moseley wrongfully prevented plaintiff from sending mail. ECF No. 1 ¶¶ 17-18.

////

4

In his second cause of action, plaintiff alleges he was denied Equal Protection under the Fourteen Amendment because, per plaintiff, in virtually every instance plaintiff identified in Claim 1, the defendant was acting with animus towards plaintiff due to plaintiff's membership in the *Coleman* class, i.e., as a person with a mental disability.[1]  ECF No. 1 at 4, 4A-4I.  Per plaintiff, non-disabled, similarly situated persons were permitted to send outgoing mail upon a demonstration of their indigence.  *Id*.  Plaintiff also alleges in this claim that the defendants' actions constitute a failure to provide him a reasonable accommodation under the Americans with Disabilities Act and Rehabilitation Act, and that some of the defendants' acts were retaliatory due to his past filing of grievances.  *Id*. at 4, 4A.

### B.  Analysis

#### 1.  Defects Common to Both Claims

##### a.  Allegations Against California Department of Corrections and Rehabilitation

Plaintiff names as a defendant the California Department of Corrections and Rehabilitation ("CDCR").  ECF No. 1 at 1, 1A, 2.  CDCR is an agency of the State of California and, as such, enjoys immunity from suit under the 11th Amendment.  *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Accordingly, plaintiff's claims against CDCR are not cognizable and CDCR is dismissed from this action.

##### b.  Allegations Against Supervisors

In some of his allegations, plaintiff indicates that certain defendants are liable through their role as the supervisors of other defendants.  ECF No. 1 at 3, 3E, 4D, 4H.  Generally, supervisory personnel are not liable under § 1983 for the actions of their employees under a

---

[1] Plaintiff appears rely on the same factual allegations for Claim Two that he set forth for Claim One, with the following exceptions: Claim Two makes no reference to the alleged wrongful acts of defendants Potts and Davis on November 30, 2022; February 23, 2023; May 29, 2023; and June 6, 2023, that were pled relative to Claim One; Claim Two omits allegations concerning defendant Montaño on July 11, 2023, and instead raises allegations against defendants Montaño, Potts, and Davis for conduct occurring on July 12, 2023; and Claim One omits allegations against defendant Moseley for events occurring on August 14, 2023, which plaintiff raises in Claim Two.  *See* ECF No. 1 at 3-4I.

theory of "respondeat superior" but may be liable where plaintiff shows a causal link between the supervisor and the claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). When pleading, the plaintiff cannot rely on merely vague and conclusory allegations concerning the involvement of official personnel in his civil rights violations, but must allege facts showing the defendant's personal participation in a violation of plaintiff's rights. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, it appears that plaintiff's allegations against defendant Davis and defendant Moeckly allege merely that these persons are liable for failing to take corrective action when their subordinates violated plaintiff's constitutional rights. ECF No. 1 at 3, 3E, 4D, 4H. To the extent this advances a theory of their liability as "respondeat superior," these allegations fail as a matter of law. Should plaintiff amend his complaint to include allegations against these defendants, the allegations must specifically allege the conduct undertaken by these defendants that caused plaintiff's constitutional deprivations. *See Fayle*, 607 F.2d at 862. As currently pled, the allegations against defendant Davis and Moeckly must be dismissed for failing to set forth specific acts they committed that caused plaintiff's rights violations.

### 2. Claim One

Because plaintiff's first claim fails to meet Rule 8(a)(2)'s requirement of providing each defendant "fair notice of what the claim is and the grounds upon which it rests," *see Twombly*, 550 U.S. at 554, dismissal of this claim is proper. In Claim One, plaintiff alleges multiple instances, perpetrated by different defendants, that each constituted a violation of his First Amendment rights, when he was inhibited from sending outgoing mail to his attorney, the Attorney General, and the District Attorney. Plaintiff alleges that each instance of improper action identified in the complaint is part of a pattern and policy of interfering with his ability to send mail. ECF No. 1 at 3G-3H. Under this theory, joinder of the defendants is proper. *See, e.g., Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1207 (9th Cir. 2017). Plaintiff's allegations, however, implicate distinct theories of First Amendment violations, which have differing legal standards that a plaintiff must meet to prove his case. For the reasons set forth below, Claim One must be

6

dismissed.  *See* Fed. R. Civ. Proc. 8(a).

As a general matter, persons who are incarcerated have a First Amendment interest in sending mail and prison officials cannot interfere with that right unless such interference is reasonably related to legitimate penological interests:

> Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995) (per curiam). . . . "[C]ensorship of prisoner mail is justified only if 'the regulation or practice in question [ ] further[s] an important or substantial governmental interest unrelated to the suppression of expression' and 'the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (quoting *Thornburgh v. Abbott,* 490 U.S. 401, 413-14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)); *Lewis v. Casey,* 518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("[A] prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests." (internal quotations omitted)). Prison officials do not need to show that there is no less restrictive mail policy that could serve the same penological interests. *See Thornburgh,* 490 U.S. at 412; *Witherow,* 52 F.3d at 265.
>
> Challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system.  *Pell v. Procunier,* 417 U.S. 817 (1974).  Prison officials must show that "a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation." *Procunier,* 416 U.S. at 413.  "Thus a restriction on inmate correspondence that furthers an important or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad." *Id.* at 413-14.  As a rule, the courts closely examine the fit between asserted penological interest and the particular outgoing mail being censored, rather than accept at face-value an assertion by prison officials that the confiscation serves security or rehabilitation interests.  *Woodard v. Haviland,* No. 2:11-cv-1807 LKK JFM, 2013 WL 753458, at *7 (E.D. Cal. Feb. 26, 2013) *report and recommendation adopted in part, rejected in part,* No. CIV. S–11–1807 LKK, 2013 WL 5305759 (E.D. Cal. Sept. 19, 2013).  Because a balancing of those rights and interests requires the parties to make an evidentiary showing as to their positions, the court is not in a position to make a determination at the pleading stage. *Barrett,* 544 F.3d at 1062.  Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Davis v. Goord,* 320 F.3d 346, 351 (2d. Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir.1997); *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990).

*K'Napp v. Adams*, No. 1:06-CV-01701-LJO, 2015 WL 5138237, at *8-9 (E.D. Cal. Sept. 1, 2015).  Here, all of plaintiff's allegations for Claim One appear to implicate this standard, as plaintiff's complaints center on instances where the individual defendants, in their respective roles, prevented him from sending mail through the "indigent trust withdrawal" program.  ECF No. 1 at 3, 3A-3I.

7

In some of the allegations of Claim One, however, plaintiff alleges that defendants impeded his mail communications with his counsel concerning his criminal case and with the Attorney General and District Attorney's offices concerning, possibly, grievances against prison officials. ECF No. 1 at 3, 3A-3B, 3G-3H. These allegations may implicate not only plaintiff's First Amendment rights to communicate with others generally, but also his rights under the First Amendment to access to the courts. In order to prove a prison official denied him access to the courts in violation of the First Amendment, a plaintiff must show that defendant's acts or omissions frustrated or hindered him in litigating his criminal appeal, habeas corpus action, or conditions of confinement suit, and that he suffered an actual injury as a result, i.e., that he had "a nonfrivolous legal claim [that] had been frustrated or was being impeded." *Lewis v. Casey,* 518 U.S. 343, 353 (1996); *see also Rodriguez v. Stone*, No. 1:06-cv-00663-OWW-SMS-PC, 2007 WL 4287818, at *2 (E.D. Cal. Dec. 6, 2007). "Actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr.*, 648 F.3d at 1018 (quoting *Lewis*, 518 U.S. at 349).

Some of plaintiff's allegations suggest this theory. Plaintiff alleges that defendant Guajardo, on October 10, 2023, January 22, 2024, and/or May 1, 2024, impeded plaintiff's communications with his defense counsel concerning a claim of actual innocence Superior Court proceedings, and that defendant Moeckly is liable, in part, for his failure to discipline defendant Guarjardo for this act. ECF No. 1 at 3C, 3E. Plaintiff's complaint also alleges that, on November 30, 2022; February 23, 2023; May 29, 2023; and/or June 6, 2023, defendants Potts and Davis impeded plaintiff's ability to send mail to "various Attorney General and government claims civil division, San Diego County District, Office of Appeals Department of Corrections and Rehabilitation," ECF No. 1 at 3A, and that defendants' Schultz's and Jones's liabilities arise from their facilitation of Schultz's and Jones's conduct. ECF No. 1 at 3, 3B. The complaint also alleges that defendant Montaño prevented plaintiff from sending a letter to plaintiff's defense counsel on July 11, 2023, ECF No. 1 at 3A-3B, and appears to allege that defendant Guajardo has additional liability from his relationship to this event, and that defendant Moeckly is also liable through his participation in this event. ECF No. 1 at 3C, 3E. The complaint also alleges that

8

defendant Moseley, on July 8, 2023, prevented plaintiff from mailing a letter to the Department of General Services for exhaustion of a legal claim, and on October 18, 2023, prevented plaintiff from mailing a letter to the Office of the Attorney General.  ECF No. 1 at 3D.

If plaintiff intended to plead a claim that his First Amendment rights were violated by defendants' impeding his access to the courts, his allegations are insufficient for failing to plead the actual injury he suffered for any of the defendants' alleged acts.  *See Lewis,* 518 U.S. at 353. If, instead or additionally, plaintiff intended to plead that his First Amendment rights were violated by defendants' interference with his outgoing mail, his allegations failed to indicate that with sufficient clarity to give the defendants notice of the nature of the legal claim against them. *See Twombly*, 550 U.S. at 554.

Regardless of the particular legal theory advanced in Claim One, plaintiff's allegations fail to give the defendants proper notice of the facts on which the claim is based.  Plaintiff's allegations against defendants Guajardo, Moeckley, Potts, Davis, Schulz, and Jones identify multiple dates on which events occurred, without specifying what allegedly-wrongful act occurred on what date.  ECF No. 1 at 3A-3E.  Plaintiff's allegations against defendants Jones, Guarjado, and Mosley fail to specify what particular acts they committed that form the basis of their liability.  *Id*.  These omissions stymie the defendants' ability to respond to these allegations, making the complaint defective under Rule 8 of the Federal Rules of Civil Procedure.  *See Twombly*, 550 U.S. at 554.  For all these reasons, Claim One is dismissed with leave to amend.

### 3.  Claim Two

In Claim Two, plaintiff alleges that his rights to Equal Protection under the Fourteenth Amendment were violated by the defendants' acts identified in Claim One, because these acts reflected discrimination against plaintiff on the basis of his mental disability.  ECF No. 1 at 4, 4A. Per plaintiff, nondisabled persons were given access to the "indigent trust withdrawal" mail program, and defendants' denial of plaintiff's access reflective arbitrary and capricious action without legitimate penological purpose.  *Id*. at 4A-4I.  Under this claim heading, plaintiff also alleges that the defendants violated plaintiff's rights under the Americans With Disabilities Act and Rehabilitation Act, by failing to provide him reasonable accommodations, namely, access to

9

the "indigent trust withdrawal" mail program. *Id*. at 4, 4A-4I. In this claim, plaintiff also alleges that defendants Potts', Davis', Guarjardo's, and Jones' acts constituted unlawful retaliation against him, due to his having filed grievances in the past. *Id*. at 4D, 4E, 4G.

Plaintiff's allegations in Claim Two implicate different legal rights and are resolved under differing legal standards. To plead a claim of a violation of his Fourteenth Amendment Equal Protection rights, plaintiff must plead facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, plaintiff alleges that the latter standard is met by acts committed by the defendants in specific instances. ECF No. 1 at 4A-4I. Nonetheless, these factual allegations have the same defects as those in Claim One: plaintiff, in certain instances, alleges violations occurred on particular dates, without alleging any facts identifying what wrongful acts occurred on which dates, *see* ECF No. 1 at 4B, 4E, 4F; and plaintiff fails to allege the specific acts undertaken by defendants Jones, Guarjado, or Mosley that plaintiff believes violated his rights. *See* ECF No. 1 at 4D-4G.

In Claim Two, plaintiff also alleges that the defendants violated his rights under the Americans with Disabilities Act and Rehabilitation Act. ECF No. 1 at 4, 4H-4I. To state a claim of disability discrimination in the provision of inmate services, programs, or activities under the ADA or the Rehabilitation Act, the plaintiff must plead either (1) discrimination based on disparate treatment or impact, or (2) denial of reasonable modifications or accommodations. *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F. Supp. 962, 965 (N.D. Cal. 1998) ("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"). Here, plaintiff pleads that his rights under these Acts were violated pursuant to both theories, incorporating his earlier-pled factual allegations. ECF No. 1 at 4H-4I. These factual allegations are defective for the reasons explained above, in that they cite dates on which an alleged violation occurred, without stating the facts of what occurred on those dates, and they fail to set forth

10

particular factual allegations for how each defendant caused the complained-of violation, particularly those defendants identified to have acted in supervisory roles.  Moreover, by raising allegations under the ADA and Rehabilitation Act in Claim Two, plaintiff fails to give the defendants proper notice of the particular right they are alleged to have violated.  In order to state a claim for relief, a plaintiff must allege facts that show the violation of a single legal right. *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321 (1927); *see Dern v. Tanner*, 96 F.2d 401, 403 (9th Cir. 1938); *see, e.g.*, *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) ("A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."). Thus, if plaintiff seeks to allege that the defendants violated his rights under the Fourteenth Amendment, his rights under the ADA, and his rights under the Rehabilitation Act, these should be pled as separate claims.  *See Phillips*, 274 U.S. at 321.  This is true even where the plaintiff relies on the same facts to support each claim, or relies on various theories in support of any particular claim that a specific legal right was violated.  *See, e.g.*, *Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.*, 783 F.2d 848, 851 (9th Cir. 1986).  As currently pled, Claim Two fails to give the defendants notice of the right plaintiff asserts they transgressed, and as such should be dismissed.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding dismissal proper under Rule 8(a) where complaint does not contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding court may dismiss a complaint for failure to comply with Rule 8(a) if it is "confusing"); *see, e.g., Debbs v. Valley Convalescent Hosp.*, No. 1:22-CV-00248-AWI-BAK, 2022 WL 2873055, at *3 (E.D. Cal. July 21, 2022) (dismissing complaint under Rule 8(a) where "it is not clear what claims Plaintiff is attempting to bring as he lists multiple legal theories in a single paragraph").

The same defects require dismissal of plaintiff's allegations of retaliation.  A claim of retaliation arises under the First Amendment: the First Amendment guarantees incarcerated persons the right to file grievances against a prison and a state actor's retaliation against the incarcerated person for filing grievances serves to undermine the First Amendment protections. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a claim for retaliation in

11

violation of the First Amendment, an incarcerated plaintiff must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.*; *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  Plaintiff's allegations against defendants Potts, Davis, Guarjardo, and Jones for unlawful retaliation, *see* ECF No. 1 at 4D, 4E, 4G, are inadequate under Rule 8(a) because, as discussed above, they fail to identify what wrongful acts occurred on which dates that plaintiff cites; fail to identify particular acts undertaken by persons in supervisory roles, which would render them liable; and improperly join in a single claim allegations of violations of distinct legal rights.  For these additional reasons, dismissal of Claim Two is proper.

Leave to Amend.  The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner.  The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must therefore be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *Id*.

////

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## IV.    Summary of Order

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to file an amended complaint within 30 days of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."

4.  Failure to comply with this order may result in a recommendation that this action be

13

dismissed for failure to state a claim and/or failure to prosecute.

Dated: April 6, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE